Shalini Dogra, State Bar No. 309024
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Tel: (747) 234-6673
Fax: (310) 868-0170

W EMPLOYMENT LAW, APC
Jacob N. Whitehead, SBN 266123
*jacob@swemploymentlaw.com*
7700 Irvine Center Dr., Ste. 930
Irvine, CA 92618
Tel: (949) 674-4922
Fax: (949) 674-4930

*Attorneys for Named Plaintiffs BARBARA BRITTAIN & LINDA DIAL and Proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARBARA BRITTAIN, an Individual; LINDA DIAL, an Individual;, on behalf of themselves and all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, <br><br> Defendants. | Case No: **'22CV1764 CAB DEB** <br><br> **PLAINTIFFS' CLASS ACTION COMPLAINT** <br><br> **(1) CONSUMER LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750,** *et seq.***;** <br> **(2) VIOLATION OF THE FALSE ADVERTISING LAW ("FAL"), CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500,** *et. seq.***;** <br> **(3) VIOLATION OF THE UNFAIR COMPETITION LAW ("UCL"), CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200** *et. seq.***;** <br> **(4) COMMON LAW FRAUD;** <br> **(5) NEGLIGENT MISREPRESENTATION;** <br> **(6) UNJUST ENRICHMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Barbara Brittain and Plaintiff Linda Dial, by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against Amazon.Com, Inc. ("Defendant Amazon") and Does 1 through 50, inclusive. Plaintiffs hereby allege, on information

and belief, except as those allegations which pertain to the named Plaintiffs, which allegations are based on personal knowledge, as follows:

**NATURE OF THE ACTION**

1. This is a California consumer class action for violations of California's consumer protection laws.

2. Through its uniform advertising claims, Defendant Amazon misrepresents its "Amazon Prime" membership. ("the Product") on a statewide and nationwide basis. Amazon markets specific benefits that consumers will receive by purchasing the Product, including "same-day" or "two day" delivery and shipping speeds. However, in reality, the Product does not provide actually provide its advertised benefits. Likewise, purchase of the Product does not confer the benefit of delivery within two days or within the same day. Consumers who purchase the Product, and subscribe to the Amazon Prime Membership, are often waiting substantially beyond the same day and more than two days for ordered items. Consequently, Defendant Amazons' deceptive marketing tactics for the Product play out in two key ways. First, when consumers purchase the Product, they are shown advertised claims that the benefit of the Product includes free shipping within two days or the same day. However, after these consumers purchase the Product, and buy an item identified as one that qualifies for the Product's same-day or two-day delivery speed, they do not receive the item within two days or within the same day. Defendant Amazon's second deceptive tactic involves changing the delivery date of a purchased item midway, during its transit. That is, when a person who has bought the Product, i.e., paid for an "Amazon Prime" membership, s/he is shown a specific delivery date. Yet, after completing his/her purchase, the buyer is provided with a longer delivery day or simply told that the item is delayed in transit and no expected delivery date is provided.

3. Based on the fact that Defendant Amazon's advertising misled Plaintiffs and all others like them, Plaintiffs bring this class against Defendant Amazon to seek reimbursement of the premium them and the Class Members paid due to Defendant Amazon's false and deceptive representations about the Product. Accordingly, Plaintiffs seek relief in this action individually and on behalf of all purchasers of the Product statewide in California for violations of the California

Bus. & Prof. Code §§17500, *et seq*., California's False Advertising Law ("FAL"), Bus. & Prof. Code §§17200, *et seq*., and California's Unfair Competition Law ("UCL"), as well as for unjust enrichment, negligent misrepresentation and common law fraud.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs, and at least one class member is a citizen of a state different from Defendants. Additionally, more than two-thirds of the members of the class reside in states other than those in which Defendant Amazon is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

5. The Court has personal jurisdiction over Defendants pursuant to Cal. Code Civ. P. § 410.10, as a result of Defendants' substantial, continuous and systematic contacts with the State, and because Defendants have purposely availed themselves to the benefits and privileges of conducting business activities within the State.

6. Pursuant to 28 U.S.C. §1391, this Court is the proper venue for this action because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District. Moreover, Defendants distributed, advertised and sold the Product, which is the subject of the present Complaint, in this District.

## PARTIES

7. Plaintiff Barbara Brittain is a citizen and resident of California and resides in San Diego County. Plaintiff Linda Dial is a citizen and resident of California and resides in San Diego County.

8. Defendant Amazon is a Washington corporation, headquartered in the State of Washington, located at 401 Terry Avenue North, Seattle, WA 98109-5210. Defendant is an online e-commerce store that sells goods throughout California, and the United States, as demonstrated by Defendant Amazon's own website.

9. Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto each of these individuals and/or entities was the agent, servant, employee, subsidiary,

affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged. The true names and capacities of Defendants sued herein under California Code of Civil Procedure § 474 and Does 1 through 50, inclusive, are presently unknown to Plaintiffs, who therefore sues these Defendants by fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained. Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. Undoubtedly, shipping speeds are a highly important attribute to consumers. Many reasonable individuals decide where to buy a specific item based on how quickly the potential retail location for the purchase will deliver the ordered item. Defendant Amazon, aware of how critical shipping speeds are to buyers, deliberately deceive consumers by purposely marketing the Product in a false and misleading manner, and lying to consumers about the purported shipping and delivery benefits that will receive when they buy the Product.

11. Plaintiffs and Class Members paid for the Product because they reasonably believed, based on Defendant Amazon's advertising of the Product that they would receive items purchased from Defendant Amazon's online store within two days. Had Plaintiffs and other class members known that Defendant Amazon fails to provide the marketed benefits of the Product and fails to deliver items within the advertised time frames, they would not have purchased the Product or would have paid significantly less. Plaintiffs and other similarly situated class members have been deceived and suffered economic injury. Additionally, they have incurred reputational damage and lost patients as well as a result of Defendant Amazon's deceptive representations.

12. Defendant Amazon's labeling, marketing and advertising uniformly involves multiple false and misleading statements, as well as material omissions of fact, concerning the Product that have injured Plaintiffs and the class by tricking them into buying the Product, and paying extra fees for "Amazon Prime" membership.

13. Consequently, Plaintiffs and class members received benefits that were entirely different from what they sought at the time of purchase. Hence, because the Product fails to provide

the advertised benefits, services and quality of service promised, consumers are not receiving the benefit of their bargain.

14. Defendant Amazon has no reasonable basis for falsely advertising and deceptively marketing shipping speeds, or for perpetuating pervasive and systematic misrepresentations about the Product. As a result, consumers are consistently misled into purchasing the Product for commonly known and/or advertised benefits, when in fact no such characteristics could be had.

15. The malicious actions taken by Defendant Amazon caused significant harm to consumers. Plaintiffs and similarly situated class members who purchased the Product because they reasonably believed, based on Defendant Amazon's marketing and advertising scheme, that they were purchasing a membership subscription that provided advertised benefits of faster delivery and shipping speeds. Had Plaintiffs and other class members known the Product actually fails to provide any of its advertised services and benefits, they would not have bought the Product or would have paid substantially less money for it. As a result, Plaintiffs and similarly situated class members have been deceived and suffered economic injury.

16. Plaintiff Dial purchased the Product, and paid an annual fee amount for the "Amazon Prime" membership in 2022 and throughout the relevant time period. In choosing to pay for the Product, Plaintiff Dial relied on Defendant Amazon's marketing scheme for the Product, including the faster shipping speed attributes. Despite Defendant Amazon's systematic advertising of the Product, and claims about the shipping speed benefits conferred by the Product, in many instances Ms. Dial did not receive purchased items within the marketed time frames of two days or less.

17. Plaintiff Brittain bought the Product from Defendant Amazon between January and February 2022, in the city of San Diego. Plaintiff Brittain reasonably made her purchasing decision based upon the deceptive advertising claims that Defendant Amazon prominently disseminated and continues to market with the Product. Specifically, in opting the purchase the Product and pay a monthly $12.99 monthly fee for the Product, Plaintiff Brittain relied on the expedited shipping speed attributes, which are undoubtedly material to the reasonable consumer. During the time span when Plaintiff Brittain paid for the Product, on at least three occasions, Defendant Amazon failed to

provide her with the advertised benefits of the Product. and deliver her ordered goods within the marketed shipping speed of two days or less.

18.  Plaintiffs purchased the Product in reliance upon Defendant Amazon's marketing scheme , without knowledge of the fact that Defendant Amazon would actually fail to provide the marketed benefits of the Product, includes the Product's advertised shipping speeds. Plaintiffs implemented the Product as intended and would not have purchased the Product if they had known that the advertising as described herein was false, misleading and deceptive.  Plaintiffs were economically harmed by Defendant Amazon's false marketing of the Product.  Hence, the value of the Product that Plaintiffs actually purchased was materially less than its value as mispresented by Defendant Amazon.

19.  Plaintiffs bring this class action on behalf of themselves and all others similar situated, asserting claims for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ( the "UCL" or "§17200"); California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*.;  California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. (the "CLRA").; common law fraud; negligent misrepresentation; and unjust enrichment. Plaintiffs seek compensatory and punitive damages, restitution and equitable relief on behalf of themselves and the Class.

## CLASS ACTION ALLEGATIONS

20.  Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3).  Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated statewide in California. Plaintiffs seek to represent a class a comprised of all persons in California who, on or after March 28, 2018, in California, (the "Class Period") purchased the Product for household use and not for resale or distribution.

21.  The proposed class consists of all consumers who purchased the Product in the State of California for personal use and not for resale, during the time period March 28, 2022, through the present. Excluded from the Class are Defendants, their affiliates, employees, officers and directors, any individual who received remuneration from Defendants in connection with that

individual's use or endorsement of the Product, the Judge(s) assigned to this case, and the attorneys of record in this case. Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

22. This action is properly brought as a class action for the following reasons:

(a) The members in the proposed class are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties and judicial economy.

(b) Plaintiffs stand on equal footing with and can fairly and adequately protect the interests of all members of the proposed class. All advertisements for the Product bear the misleading claims about the purported benefits that purchasers will receive, including deceptive statements about shipping and delivery speeds. Hence, all members of the proposed class are exposed to Defendant Amazon's deceptive marketing scheme of the Product. Every individual consumer who purchases the Product is subjected to the same misrepresentation and to the false advertising regarding the Product's conferred shipping speed benefits. Defendants have, or have access to, address information for the Class Members, which may be used for the purpose of providing notice of the pendency of this class action. Further, the class definition itself describes a set of common characteristics sufficient to allow a prospective plaintiff or class member to identify himself or herself as having a right to recover based on the description. It is especially easy for Defendants to access Class Members' contact information here, and facilitate notification to the proposed class because all Class Members have to provide their contact information in order to purchase the Product, and also since the Product is bought online from Defendant Amazon.

(c) Plaintiffs will fairly and adequately represent and protect the interests of the class, have no interest incompatible with the interests of the class, and have retained counsel competent and experienced in class actions, consumer protection, and false advertising litigation. Plaintiffs' attorneys have the experience, knowledge, and resources to adequately and properly represent the interests of the proposed class. Plaintiffs will have no interests

antagonistic to those of other proposed class members, and they have retained attorneys experienced in consumer class actions and complex litigation as counsel.;

(d) Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is so small, that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to individual members of the class and thus establish incompatible standards of conduct for the party or parties opposing the class. Further, individual cases would be so numerous as to inefficiently exhaust judicial resources. Plaintiffs seek damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.;

(e) Questions of law and fact common to the class predominate over any questions affecting only individual class members. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members. Such questions of law and fact common to Plaintiffs and the class include, without limitation:

   i. Whether Defendants were unjustly enriched by their conduct;
   ii. Whether Class Members suffered an ascertainable loss as a result of Defendants' misrepresentations;
   iii. Whether, as a result of Defendants' misconduct as alleged herein, Plaintiffs and the Class Members are entitled to restitution, injunctive relieve and/or monetary relief, and if so, the amount and natural of such relief;
   iv. Whether Defendants made any statement they knew or should have known were false or misleading;
   v. Whether Defendants maintained a longstanding marketing policy, practice and strategy of labeling, advertising and selling the Product with misrepresentations about shipping and delivery speed claims even though Defendants knew the Product failed to confer its advertised benefits and that delivery would not be provided within the marketed time frames;

vi. Whether the utility of Defendants' practices, if any, outweighed the gravity of the harm to their victims;

vii. Whether Defendants' conduct violated public policy, included as declared by specific constitutional, statutory, or regulatory provisions;

viii. Whether Defendants' conduct or any of their practices violated the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*;

ix. Whether Defendants passed off the Product as goods or services as those of another, within the meaning of Cal. Civ. Code § 1770(a)(1);

x. Whether Defendants misrepresented the Product's affiliation, sponsorship, approval or certification, within the meaning of Cal. Civ. Code § 1770(a)(2);

xi. Whether Defendants misrepresented the affiliation, connection, or association with, or certification by another of the Product, within the meaning of Cal. Civ. Code § 1770(a)(3);

xii. Whether Defendants represented that the Product has characteristics, uses, or benefits which it does not have, within the meaning of Cal. Civ. Code § 1770(a)(5);

xiii. Whether Defendants represented that the Product is of a particular standard, quality, or grade, when it was really of another, within the meaning of Cal. Civ. Code § 1770(a)(7);

xiv. Whether Defendants advertised the Product with the intent not to sell it as advertised, within the meaning of Cal. Civ. Code § 1770(a)(9);

xv. Whether Defendants represented that the Product has been supplied in accordance with a previous representation when it has not, within the meaning of Cal. Civ. Code § 1770(a)(16);

xvi. The proper equitable and injunctive relief;

xvii. The proper amount of restitution or disgorgement;

xviii. The proper amount of reasonable litigation expenses and attorneys' fees;

(f) Plaintiffs' claims are typical of the claims of the members of the proposed class. Plaintiffs and all class members have been injured by the same practices of Defendants. Plaintiffs' claims arise from the same practices and conduct that give rise to the claims of all class members and are based on the same legal theories. Plaintiffs' claims are typical of class members' claims, as they are based on the same underlying facts, events and circumstances relating to Defendants' conduct.;

(g) As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), (b)(1), (b)(2) and (b)(3), and may be appropriate for certification "with respect to particular issues" under Rule 23(b)(4).

## FIRST CAUSE OF ACTION

### Violation of Cal. Civ. Code §§1750, *et seq.*

23. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

24. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

25. The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

26. Defendant is a "person" under the CLRA. Cal. Civ. Code §1761 (c).

27. Plaintiff Dial and Plaintiff Brittain and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

28. The Product constitutes a "good" and "service" under the CLRA. Cal. Civ. Code §§1761 (a) and (b).

29. Plaintiffs and the putative Class Members' purchases of the Product within the Class Period constitute "transactions'" under the CLRA. Cal. Civ. Code §1761 (e).

30. Defendant's actions and conduct described herein reflect transactions that have resulted in the sale of goods to consumers.

31. Defendant's failure to market the Product in accordance with California regulatory requirements constitute an unfair, deceptive, unlawful and unconscionable commercial practice.

32. Defendant's actions have violated at least seven provisions of the CLRA, including §§ 1770(a)(1), 1770 (a)(2), 1770 (a)(3)1770(a)(5), 1770(a)(7), 1770 (a)(9) and 1770(a)(16).

33. As a result of Defendant's violations, Plaintiffs and the Class suffered, and continue to suffer, ascertainable losses in the form of the purchase price they paid for the unlawfully marketed Product, which they would not have paid had the Product been advertised correctly, or in the form of the reduced value of the Product relative to the Product as advertised and the retail price they paid.

34. Pursuant to § 1782 of the CLRA on approximately March 28, 2022, Plaintiffs notified Defendant Amazon in writing of the particular violations of § 1770 of the CLRA, and demanded Defendant Amazon rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and to give notice to all affected consumers of its intent to do so.

35. Defendant Amazon has failed to rectify or agree to rectify at least some of the violations associated with actions detailed above and give notice to all affected consumers within 30 days of receipt of the Cal. Civ. Code § 1782 notice. Thus, Plaintiffs seek actual damages and punitive damages for violation of the Act.

36. In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiffs is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

37. Plaintiffs and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

38. Notably, the Ninth Circuit has explained why venue is proper in this Court and why "choice of law" provisions are unenforceable against California consumer, stating "California public policy strongly favors consumer class actions," and that "waivers by a consumer of the

provisions of [the CLRA] is contrary to public policy and shall be unenforceable and void." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 108-1095 (9th Cir. 2009).

## SECOND CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17500, *et seq*.

39. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

40. Defendant Amazon engaged in unfair and deceptive acts and practices, in violation of the California Business and Professions Code § 17500 *et seq*., by marketing and/or selling the Product without disclosure of the material fact that the Product actually failed to provide its advertised benefits. These acts and practices, as described above, have deceived Plaintiffs and other class members, causing them to lose money as herein alleged and have deceived and are likely to deceive the consuming public, in violation of those sections. Accordingly, Defendant Amazon's business acts and practices, as alleged herein, have caused injury to Plaintiffs and the other class members.

41. Defendant Amazon had a duty to disclose that the Product failed to confer the marketed benefits, including the fact that shipping speed that was slower than marketed, since this information was a material fact of which Defendant Amazon had exclusive knowledge; Defendant Amazon actively concealed this material fact; and Defendant Amazon made partial representations about the Product but suppressed some material facts.

42. Defendant Amazon's misrepresentation and/or nondisclosure of the fact that the Product failed to provide the advertised benefits, and lacked delivery within marketed time frames was the immediate cause of Plaintiffs and the other class members purchasing the Product.

43. In the absence of Defendant Amazon's misrepresentation and/or nondisclosure of facts, as described above, Plaintiffs and other class members would not have purchased the Product.

44. Plaintiffs and the other class members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendant Amazon as a result of such business acts or practices, and enjoining Defendant Amazon to cease and desist from engaging in the practices described herein.

## THIRD CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, *et seq*.

45. Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

46. California Business & Professions Code § 17200 *et seq.*, also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

47. Defendant Amazon's failure to disclose the fact that the Product does not provide its advertised services is likely to deceive a reasonable consumer and therefore constitutes a fraudulent or deceptive business practice.

48. Defendant Amazon's sale of the Product without disclosing the truth that the Product lacks its advertised benefits, and that the Product in reality entails substantially slower delivery pace than advertised offends established public policy and constitutes an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

49. Defendant Amazon's conduct is unlawful in that it violated numerous statutes, including Cal. Civ. Code §§ 1770(a); Cal. Civ. Code §§ 1709-1710; and Cal. Civ. Code §§ 1572-1573, as well as constituted common law fraud.

50. Case law overwhelmingly demonstrates that Defendant Amazon's marketing scheme for the Product constitutes violations of the CLRA and supports imposing substantial liability against Defendant Amazon here for its systematic practice of making untrue and misleading representations regarding shipping timeframes. Entities that have committed similar violations by lying to consumers about shipping times or charging fees for expedited shipping (without actually shipping purchased item at promised faster speed) have faced exponential six-figure monetary penalties. Furthermore, pursuant to §§1782(b)(1) and (b)(2), Defendant Amazon's liability is especially amplified here since both Plaintiff Dial and Plaintiff Brittain are senior citizens.

51. California's legislature and government agents have made clear that "consumers are to protection against unwarranted fees and unreasonable long waits for purchases to arrive at

doorsteps. Likewise, as demonstrated by lawsuits filed by California's district attorneys' offices, engaging in deceptive tactics as the ones Defendant Amazon perpetuates for the Product, including false claims about shipping times, violates State false advertising and unfair competition laws. Thus, Defendant Amazon further violated Cal. Bus. & Prof. Code § 17200's prohibition against engaging in "unlawful" business acts or practices by, *inter alia*, failing to comply with California Civil Code § 1750, *et. seq.,* and California's False Advertising Law.

52. Plaintiffs and Class members have suffered injury in fact and have lost money and/or property as a result of Defendant Amazon's fraudulent, unfair and/or unlawful business practices, in that as a result of Defendant Amazon violations of the UCL, Plaintiffs and the class purchased the Product, which is a membership; they otherwise would not have purchased or at a minimum, paid more for the Product than they would have paid had Defendant Amazon not violated the UCL.

53. Plaintiffs and the Class reserve the right to allege other violations of law which constitute other unlawful business acts and practices. Such conduct is ongoing and continues to this date.

54. Under California Business & Profession Code § 17203, Plaintiffs and the Class seek an order of this Court: (a) injunctive relief requiring Defendant Amazon to repair and/or replace the Product; for injunctive relief requiring Defendant Amazon to disclose the truth about the Product on Defendant Amazon's website, in newspapers throughout the State of California, and. through a notice mails and/or emailed to all Class Members; and (c) restitution of all monies paid to Defendant Amazon as a result of Defendant Amazon's violations of the UCL.

55. Plaintiffs reserve the right to seek additional preliminary or permanent injunctive relief.

56. Pursuant to Bus. & Prof. Code §§ 17203 and 17535, Plaintiffs and the Class are therefore entitled to an order requiring Defendant Amazon to cease the acts of unfair competition alleged herein, full restitution of all monies paid to Defendant Amazon as a result of its deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiffs' attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

///

## FOURTH CAUSE OF ACTION

### Common Law Fraud

57. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

58. Plaintiffs bring this claim individually and on behalf of the members of their proposed Class.

59. As discussed above, Defendants provided Plaintiffs and the Class Members with false or misleading material information and failed to disclose material facts about the Product, including but not limited to the fact that the Product did not confer its advertised benefits. These misrepresentations and omissions were made with knowledge of their falsehood.

60. The misrepresentations and omissions made by Defendants, upon which Plaintiffs the Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class Members to purchase the Product.

61. The fraudulent actions of Defendants caused damage to Plaintiffs and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## FIFTH CAUSE OF ACTION

### Negligent Misrepresentation

62. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

63. Plaintiffs bring this claim individually and on behalf of the proposed Class against Defendants.

64. As discussed above, Defendants represented the Product conferred same day shipping or delivery within two days, but failed to disclose that the Product actually failed to provide its advertised benefits or proffer its marketed shipping speed attributes. Defendants had a duty to disclose this information.

65. At the time Defendants made these misrepresentations, Defendants knew or should have known that these misrepresentations were false or made them without knowledge of their truth or veracity.

66. At an absolute minimum, Defendants negligently misrepresented or negligently omitted material facts about the Product.

67. The negligent misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class Members to purchase the Product.

68. Plaintiffs and Class Members would not have bought the Product if they had known the true facts.

69. The negligent actions of Defendants caused damage to Plaintiffs and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

70. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

71. Plaintiffs bring this claim individually and on behalf of the proposed Class against Defendants.

72. Plaintiffs and Class Members conferred benefit on Defendants by purchasing the Product.

73. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class Members' purchases of the Product. Retention of those moneys under these circumstances is unjust and inequitable because the Product does not actually proffer is advertised benefits or marketed shipping attributes and resulted in purchasers being denied the full benefit of their purchase because they did not a membership subscription that actually conferred the represented value or proffer delivery and shipping within the marketed time frame.

74. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and Class Members for their unjust enrichment, as ordered by the Court.

///

///

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

A. This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiffs as representatives of the Class, and appointing the attorneys and law firms representing Plaintiffs as counsel for the Class;

B. For an order declaring the Defendant Amazon's conduct violates the statutes referenced herein;

C. That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

D. That the Court awards Plaintiffs and proposed class members the costs of this action, including reasonable attorneys' fees and expenses;

E. For an order enjoining Defendant Amazon from continuing to engage in the unlawful conduct and practices described herein;

F. That the Court awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendant Amazon's ill-gotten gains, to ensure that Plaintiffs and proposed class members have an effective remedy;

G. That the Court awards pre-judgment and post-judgment interest at the legal rate;

H. Imposition of a constructive trust to prevent unjust enrichment and to compel the restoration of property (money) to Plaintiffs and the Class which Defendant Amazon acquired through fraud.

I. That the Court orders appropriate declaratory relief; and

J. That the Court grants such other and further as may be just and proper.

Dated:   October 20, 2022      **DOGRA LAW GROUP PC**

By: _____
Shalini Dogra
Attorneys for Plaintiffs

# JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:     October 20, 2022            **DOGRA LAW GROUP PC**

                                By:  _____
                                     Shalini Dogra
                                     Attorneys for Plaintiffs

PLAINTIFFS' CLASS ACTION COMPLAINT